IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **DEBORAH LOVING,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:09-0201 |
| | ) |
| **UNITED STATES OF AMERICA,** *et al.*, | ) |
| | ) |
| **Respondents.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 5, 2009, Petitioner,[1] acting *pro se* and incarcerated at FPC Alderson, located in Alderson, West Virginia, filed a letter-form Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that the BOP is improperly taking money from her inmate account through the Inmate Financial Responsibility Program [IFRP]. Specifically, Petitioner states as follows:

> I am incarcerated at FPC Alderson, WV. I have been incarcerated here since January 7, 2008. I currently participate in the Bureau of Prisons' Inmate Financial Responsibility Program (IFRP). According to the order by Judge Kelly, the original

---

[1] On August 1, 2007, Petitioner was convicted in the United States District Court for the Eastern District of Virginia of one count of Health Care Fraud in violation of 18 U.S.C. § 1347, and twenty-nine counts of making False Statements Related to Health Care in violation of 18 U.S.C. § 1035. *United States v. Loving*, Case No.2:07-cr-00066 (E.D.Va. Nov. 16, 2007), Document No. 26. On November 16, 2007, the District Court sentenced Petitioner to a 41-month term of imprisonment as to each count, to run concurrently. *Id.*, Document Nos. 40 and 41. The District Court also imposed a three year term of supervised release and imposed restitution in the amount of $301,626.30. *Id.* On November 25, 2008, the Fourth Circuit Court of Appeals affirmed Petitioner's sentence and conviction. *United States v. Loving*, 321 Fed.Appx. 246 (4th Cir. 2008).

[2] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> judge, the judgment order states I am to participate "at a rate of at least $25 per quarter or if assigned as a UNICOR grade 1 - 4 employee, at least 50% of the prisoner's monthly pay." I do not work for UNICOR and currently the finance office here at Alderson is taking 100% of my monthly pay. This is done automatically when my pay is posted to my account on the tenth of each month. Any amount of funds at that time is taken and my account is wiped out to zero. I willingly participate in the IFRP, however with 100% of my pay being confiscated every month, I have no funds to purchase personal care items, telephone, and other things of need. My family has supplemented for my needs, however, because of this, the finance office and Unit Manager requires me to turn over 50% of whatever amount my family sends me. We, my family and I, have been trying to keep up and comply. This situation has now posed an additional hardship on my family. My family is now being forced to participate in the Inmate Financial Responsibility Program. A responsibility which is not their burden or responsibility, but mine alone.
>
> I am requesting the court to direct the FPC Alderson and the Bureau of Prisons' Finance Office to adhere to the court ordered schedule rate at restitution which limits my IFRP payments to my monthly pay amount recording to my earned income from my job at FPC Alderson, and not based on my family's supplementing for my lack of funds because my IFRP payments being confiscated on the monthly basis.

(Document No. 1, pp. 1 - 2.) On March 26, 2009, Petitioner filed an Addendum to her Petition. (Document No. 3.) Petitioner states that "[u]pon reviewing the judgment and commitment order, Petitioner realized there was an element of non-compliance and approached her counselor and Unit Manager about compliance with the judge's orders, as the amount expected of her to pay was largely outside the amount the judgment and commitment order stated." (Id., p. 1.) Petitioner states that on March 17, 2009, the BOP placed her in "IFRP Refuse" status because she refused to pay "more money." (Id.) Petitioner contends that *habeas* relief is appropriate because "only the court has the authority to set a schedule of restitution payment while petitioner is in prison and that authority cannot be delegated to BOP." (Id.) Thus, Petitioner requests "an order vacating the BOP's decision to disregard the judge's commitment and judgment order, vacating placing her in 'IFRP Refuse' status, vacating BOP's sanction imposed against her, and restoring her to the position she would have been but for BOP's wrongful actions." (Id.)

2

On November 30, 2009, Petitioner filed a "Motion to Issue Mandatory and Prohibitory Injunctive Relief." (Document No. 7.) Specifically, Petitioner requests the "Court to undo the illegal act implemented by institution and refrain custodial respondents (i.e. Unit Manager and counselor) from continuing the acts embellished by prescribed plan: Inmate Responsibility Program (IFRP). Petitioner would like to be restored back to the original status quo initially mandated by sentencing court." (Id.) In support Petitioner attaches the following Exhibits: (1) Copy of her "Restitution Judgment" as filed in the United States District Court for the Eastern District of Virginia (Id., p. 2.); and (2) Copy of Program Statement § 545.11 (Id., p. 3.).

## ANALYSIS

Petitioner argues that the BOP erred in increasing her IFRP payment because "only the court has the authority to set a schedule of restitution payments while Petitioner is in prison and that authority cannot be delegated to BOP." The Fourth Circuit has recognized that 18 U.S.C. § 3663 imposes a nondelegable, "core judicial function" upon the sentencing court to set the amount and time of restitution payments. United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995). In the instant case, however, the sentencing court did not improperly delegate its authority to the BOP as suggested by Petitioner. In the "Restitution Judgment", the sentencing court ordered as follows:

1. The defendant is sentenced to pay, as restitution, $301,626.30.

\* \* \*

5. Restitution is due immediately, notwithstanding any other provision of this Restitution Judgment, the Government may enforce restitution any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practical.

6. If incarcerated, the defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program at a rate of at least $25 per quarter, or if assigned as a UNICOR grade 1 through 4 employee, at least 50% of the prisoner's monthly pay.

\* \* \*

(Document No. 7, p. 2.) Thus, the BOP did not usurp the sentencing court's authority to set the time and amount of the restitution payments through IFRP. The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by court order.[3] See 28 C.F.R. § 545.10-545.11. The sentencing court specifically directed that "defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program." See Webb v. Hamidullah, 2006 WL 1946441 (D.S.C. Jul. 11, 2006)(unpublished)(finding that IFRP is not an improper delegation of a judicial function because IFRP merely provides an inmate with a vehicle for ensuring that payment is made). The sentencing court further ordered that "[r]estitution is due immediately" and Petitioner shall pay "at least $25 per quarter." (Document No.7, p. 2.) When a court orders that payment is due immediately, the court sets the required amount and timing for payment of the criminal monetary penalty. See United States v. Caudle, 261 Fed.Appx. 501, 504 (4th Cir. Jan. 10, 2008). Generally, the requirement that payment be made immediately is interpreted to require payment to the extent possible, and to begin as soon as possible. Coleman v. Brooks, 133 Fed.Appx. 51, 53 (4th Cir. 2005). The BOP is not limited to considering only an inmate's ability to earn wages while in prison, but

---

[3] The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." *Id.* Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's process in IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility or to comply with the provisions of his financial plan ordinarily" results in the loss of certain advantages or privileges. 28 C.F.R. 545.11.

may consider all funds received by an inmate. See 28 C.F.R. § 545.11(b)(stating that "[p]ayments may be made from institution resources or non-institution (community) resources"). Thus, the BOP through IFRP determined that Petitioner had the ability to pay more than the "$25 per quarter." The BOP's establishment of a payment schedule under IFRP does not constitute an improper delegation of authority by the courts. See United States v. Watkins, 161 Fed.Appx. 337 (4th Cir. 2006); Martin v. United States, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(finding that "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant 'payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order'"). To the extent Petitioner is contending this to be a violation of her due process right, the undersigned finds her claims to be without merit. See Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2nd Cir. 1990)(finding that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation"). The compelled participation in IFRP is neither punitive in nature nor a violation of due process because it is reasonably related to a legitimate governmental objective of rehabilitation. Id.; also see Cupp v. Reed, 2009 WL 277554 (N.D.W.Va. Feb. 5, 2009)(finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution"). Based on the foregoing, the undersigned finds that Petitioner's Petition should be dismissed.[4]

---

[4] The undersigned further notes that Petitioner fails to indicate whether she properly exhausted her administrative remedies.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court DENY Petitioner's Motion to "Issue Mandatory and Prohibitory Injunctive Relief" (Document No. 7.) and **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document Nos. 1 and 3.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).

Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 9, 2010.

R. Clarke VanDervort
United States Magistrate Judge