```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**DEBORAH LOVING,**

    **Plaintiff,**

v.                              **CIVIL ACTION NO. 1:09-00201**

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Plaintiff Deborah Loving filed her complaint in this court on March 5, 2009, challenging the Federal Bureau of Prisons' ("BOP") method of administering its Inmate Financial Responsibility Program ("IFRP").[1]  On August 9, 2010, Magistrate Judge R. Clarke VanDervort submitted his Proposed Findings and Recommendation ("PF & R") in which he recommended that the district court deny plaintiff's motion to issue mandatory and prohibitory injunctive relief, dismiss plaintiff's application under 28 U.S.C. § 2241, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three

---

[1] Plaintiff is acting pro se, and the court has accordingly construed her filings liberally pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff filed timely objections on August 17, 2010. With respect to those objections, the court has conducted a de novo review pursuant to 28 U.S.C. § 636(b).

## I. Background

On August 1, 2007, in the United States District Court for the Eastern District of Virginia, plaintiff was convicted of one count of health care fraud, in violation of 18 U.S.C. § 1347, and twenty-nine counts of making false statements related to health care fraud, in violation of 18 U.S.C. § 1035. Plaintiff was sentenced to a term of incarceration of 41 months and a three-year term of supervised release. Plaintiff was further ordered to pay a mandatory special assessment of $3,000.00 and restitution in the amount of $301,626.30. As to the order of restitution, the court ordered that:

> 5.  Restitution is due immediately, notwithstanding any other provision of this Restitution Judgment, the Government may enforce restitution at any time. The defendant shall make a bona fide effort to pay restitution in full as soon as practical.
>
> 6.  If incarcerated, the defendant shall participate in the Bureau of Prisons' Inmate Financial Responsibility Program at a rate of at least $25 per quarter, or if assigned as a UNICOR grade 1

>     through 4 employee, at least 50% of the prisoner's
>     monthly pay.

See Restitution Judgment dated November 16, 2007, Criminal No. 2:07cr66.

According to the Declaration of Teresa Webb, a Correctional Counselor at the Federal Prison Camp (FPC) in Alderson, West Virginia, where plaintiff is currently incarcerated, Loving entered the IFRP in March 2008. See Declaration of Teresa Webb dated January 12, 2009, Criminal No. 2:07cr66, ¶ 7. Her original IFRP contract called for payments of $25 per quarter. See id. at 8. Upon Program Review in July 2008, it was noted that Loving had made a total of $50.00 in IFRP payments for the previous six months despite the fact that she had $1,679.81 in her account during that same time period. See id. at ¶ 9. During the Program Review, it was determined that Loving should pay $197.00 per month, beginning in August 2008. See id. at ¶ 10. Although plaintiff initially refused to sign a contract implementing the new payment schedule, she eventually did so although she contends she did so as a result of coercion and extortion. See id. at 11; see also Objections. According to the Webb Declaration, as of January 12, 2009, Loving's highest monthly IFRP payment was $110.05. Webb Declaration ¶ 13. As of December 24, 2008, plaintiff had paid $428.23 toward her $3000.00 special assessment and nothing toward her restitution obligation. Id. at ¶ 17.

3

Plaintiff filed the instant action, contending that the BOP has overstepped its authority by setting a payment schedule that is impossible for her to satisfy. Specifically, she asks the court to order the BOP to:

1. Comply with the regulations pursuant to 28 C.F.R. 545.100/11 in helping an inmate develop an individualized payment schedule that would be in line and reflect Petitioner's ability to pay;

2. In giving an order to vacate BOP's decision to overstep the sentencing court's order;

3. To discontinue the use of a formula that unreasonably and unlawfully places an [sic] burden of compliance on an inmates [sic] family members;

4. To restore Petitioner to the position she would have been at before BOP's wrongful actions.

Objections at p.4.

## II. Analysis

"A district court may not delegate its authority to set the amount and timing of restitution to the BOP or a probation officer, without retaining ultimate authority over such decisions." United States v. Caudle, 2008 WL 110945, *2 (4th Cir. 2008) (citing United States v. Miller, 77 F.3d 71, 77-78 (4th Cir. 1996)). When a court orders that restitution is due immediately, as the sentencing court did in Loving's case, it does set the amount and timing of payment and there is no improper delegation. Id.; Gardner v. Williamson, 2008 WL 7542376, *2 (E.D.N.C. 2008); Furthermore, participation in the IFRP does not run afoul of Miller. Caudle, 2008 WL 110945, at

*2; see also Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (holding that BOP has discretion to place inmate in IFRP when sentencing court has ordered immediate payment of court-imposed fine). Therefore, to the extent that plaintiff argues there has been an improper delegation, that argument is without merit and her objections thereto are OVERRULED. See Objections at p. 3.

The Inmate Financial Responsibility Program is designed to assist inmates in meeting their "legitimate financial obligations." 28 C.F.R. § 545.10; Powell v. Federal Bureau of Prisons, 2008 WL 553192, *2 (S.D.W. Va. 2008). Challenges to the constitutionality of the program uniformly fail. Davis v. Wiley, 260 Fed. Appx. 66, 68 (10th Cir. 2008) ("Every court to consider a challenge to the IFRP's constitutionality has upheld it."); Weinberger v. United States, 268 F.3d 346, 361 n.6 (6th Cir. 2001); McGhee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); Dorman v. Thornburgh, 955 F.2d 57, 58-59 (D.C. Cir. 1992); Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990); James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989); Williams v. Farrior, 334 F. Supp. 2d 898, 903-04 (E.D. Va. 2004); Dominguez v. Bureau of Prisons, 2007 WL 4224329, *3 (E.D.N.C. 2007); Webb v. Hamidullah, 2006 WL 1946441, at * 5 (D.S.C. 2006).

According to BOP Program Statement 5380.08, BOP "staff will assist the inmate in developing a financial plan for meeting

those obligations, and at subsequent reviews, staff shall consider the inmate's efforts to fulfill those obligations . . . ." 28 C.F.R. § 545.10. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to unit staff. Payments may be made from institution resources <u>or non-institution (community) resources</u>." 28 C.F.R. § 545.11(b) (emphasis added). Therefore, "to count as available resources funds . . . obtained from outside sources [is] expressly permitted by IFRP regulations." <u>McGhee v. Clark</u>, 166 F.3d 884, 887 (7th Cir. 1999); see also <u>Powell v. Federal Bureau of Prisons</u>, 2008 WL 553192, *3 (S.D.W. Va. 2008) ("The regulations and Program Statement clearly permitted the BOP to require payment of the additional amount in view of money received from her family and deposited in her trust account."); <u>Mujahid v. Crabtree</u>, 999 F. Supp. 1398, 1400 (D. Or. 1998) "("The regulations allow the BOP to demand `payment' from both `institution resources' (e.g., funds obtained from prison employment) as well as `non-institution resources' which include any funds that petitioner receives from sources such as his family").

"[W]hile an inmate's failure to comply with the IFRP can have negative consequences on [her], <u>see</u> 28 C.F.R. § 545.11(d), compelled participation in the program is neither punitive in

nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation." Cupp v. Reed, 2009 WL 277554, *2 (N.D.W. Va. 2009); Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990).

Plaintiff's objections to the Proposed Findings and Recommendation are the same arguments that have been made numerous times to challenge the IFRP's constitutionality. "Thus, because it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution," Cupp, 2009 WL 277554, at 3, plaintiff's objections are without merit and they are hereby OVERRULED.

## CONCLUSION

For the reasons set forth above, the court 1) **CONFIRMS AND ACCEPTS** the Proposed Findings and Recommendation; 2) **OVERRULES** plaintiff's objections; 3) **DENIES** plaintiff's motion to issue mandatory and prohibitory injunctive relief; 4) **DISMISSES** plaintiff's application under 28 U.S.C. § 2241; and 5) **DIRECTS** the Clerk to remove this matter from the court's docket. A judgment order consistent with this Memorandum Opinion and Order will be filed this day.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

It is **SO ORDERED** this 21st day of September, 2010.

                                             ENTER:

                                             */s/ David A. Faber*

                                             David A. Faber
                                             Senior United States District Judge